**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JESUS QUINONES,<br><br>　　　　　Defendant. | Case No. 13-cr-00503-BLF<br><br>ORDER CONSTRUING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 AS A MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2); AND DENYING MOTION<br><br>[RE: ECF 31] |

Defendant Jesus Quinones, a federal prisoner serving a 60-month term of imprisonment, has filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, seeking relief under Amendment 782 to the United States Sentencing Guidelines. Def.'s Motion, ECF 31. Amendment 782, which became effective after Quinones was sentenced, lowered by two levels the base offense level for certain drug crimes. *See United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1041 (9th Cir. 2017). A motion under § 2255 is not the appropriate vehicle for seeking relief under Amendment 782 and, in fact, this Court lacks jurisdiction under § 2255 to grant Quinones the relief he requests. *See Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995). Quinones' motion properly should have been brought under 18 U.S.C. § 3582. *See id.* The Ninth Circuit has indicated that under circumstances such as these, the proper course is to "construe [the defendant's] pro se section 2255 motion as a request for resentencing under 18 U.S.C. § 3582." *Id.* "To do so is consistent with the duty of federal courts to construe pro se pleadings liberally." *Id.*; *see also United States v. Mercado*, No. 2:07-CR-2018-SMJ-01, 2017 WL 830967, at *1 (E.D. Wash. Mar. 2, 2017) (construing a § 2255 motion seeking relief under Guidelines amendment as a motion for resentencing under § 3582). This Court therefore construes Quinones' § 2255 motion as a motion for reduction of sentence under § 3582. The motion is DENIED for the reasons discussed below.

## I. BACKGROUND

On July 31, 2013, a grand jury issued a single-count indictment charging Quinones with Possession with Intent to Distribute and Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1). Indictment, ECF 1. Quinones thereafter entered into a written plea agreement with the Government pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Plea Agreement, ECF 22. The Plea Agreement provided that Quinones would plead guilty to the Indictment, recommended an adjusted offense level of 23, and stated that the parties had not reached agreement regarding Quinones' criminal history category. *Id.* ¶¶ 1, 7. The Plea Agreement expressly waived Quinones' rights to appeal or collaterally attack his conviction or sentence by means of motions brought under 28 U.S.C. § 2255 or 18 U.S.C. § 3582. *Id.* ¶ 5. The only exception to the waiver was a reservation of Quinones' right to claim that his counsel was ineffective in connection with negotiating the Plea Agreement or entry of Quinones' guilty plea. *Id.* Judge D. Lowell Jensen, the district judge then assigned to the case, accepted Quinones' plea on May 29, 2014. Order Accepting Plea, ECF 21.

Prior to sentencing, the United States Probation Office prepared a presentence report ("PSR") which calculated Quinones' total offense level as 23, which was consistent with the Plea Agreement, and his criminal history category as I. PSR ¶¶ 23, 40. The PSR stated that based upon a total offense level of 23 and a criminal history category of I, the guideline imprisonment range would be 46 months – 57 months. *Id.* ¶ 84. However, because the statutory mandatory minimum term of imprisonment was five years, a term greater than the high end of the applicable guideline range, the guideline term of imprisonment was 60 months. *Id.*

On October 9, 2014, Judge Jensen sentenced Quinones to 60 months imprisonment, four years supervised release, and a special assessment in the amount of $100. Minutes, ECF 27; Judgment, ECF 28. Quinones, proceeding pro se, has filed a § 2255 motion asking "that the court grant petitioner relief to which he may be entitle [sic] in this proceeding" in light of Amendment 782. Def.'s Motion, ECF 31. Because Judge Jensen has retired, this case has been reassigned to the undersigned judge.

## II. DISCUSSION

As discussed above, the Court construes Quinones' § 2255 motion as a motion for reduction of sentence under 18 U.S.C. § 3582. The Court concludes that Quinones is not entitled to relief under § 3582.

### A. Quinones has Waived the Right to Seek Relief under 18 U.S.C. § 3582

In his Plea Agreement, Quinones expressly waived the right to seek relief under either § 2255 or § 3582. Plea Agreement ¶ 5, ECF 22. "Such a waiver is enforceable if (1) the language of the waiver encompasses the relief sought, and (2) the waiver is knowingly and voluntarily made." *United States v. Malone,* 503 Fed. App'x 499, 500 (9th Cir. 2012) (internal quotation marks and citation omitted). In *Malone*, the Ninth Circuit reversed the district court's order granting the defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) because the defendant had "waived his right to move for a sentence reduction under § 3582(c)(2) in his underlying plea agreement." *Id.* at 499. The record did not suggest the existence of "any recognized ground for excusing waiver, such as claims involving breach of the plea agreement, racial disparity in sentencing among codefendants or an illegal sentence imposed in excess of a maximum statutory penalty." *Id.* at 500 (internal quotation marks and citation omitted). To the extent that new grounds for sentence reduction may have developed after execution of the plea agreement, the Ninth Circuit held that "a favorable change in the law does not entitle a defendant to renege on a knowing and voluntary guilty plea." *Id.* (internal quotation marks and citation omitted).

As in *Malone*, the record before this Court does not suggest any ground for excusing Quinones' waiver. Accordingly, Quinones' motion is DENIED.

### B. Quinones is not Entitled to a Reduction of Sentence under § 3582

Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence "on its own motion." 18 U.S.C. § 3582(c)(2). Even if this Court were to exercise its power to consider application of Amendment 782 on its own motion in this case, Quinones would not be entitled to a reduction of his sentence. "Under federal sentencing law, a district court generally 'may not modify a term of imprisonment once it has been imposed.'" *Rodriguez-Soriano*, 855 F.3d at 1042

3

1  (quoting 18 U.S.C. § 3582(c)). "This baseline rule is subject to an important exception: a district
2  court may reduce a sentence based on a guideline range that is later lowered by the Sentencing
3  Commission." *Id.* (citing 18 U.S.C. § 3582(c)(2)). Deciding whether to reduce a defendant's
4  sentence under § 3582(c)(2) is a two-step process. *Id.* "[A] district court first determines a
5  defendant's eligibility for a reduction." *Id.* "If a defendant is eligible, the court must then
6  consider the factors in 18 U.S.C. § 3553(a) and assess whether the requested reduction is
7  warranted." *Id.*

8  In order to establish eligibility, "a defendant must show (1) that his sentence was 'based
9  on' a guideline range that has since been lowered, and (2) that the reduction he seeks is 'consistent
10 with applicable policy statements issued by the Sentencing Commission.'" *Rodriguez-Soriano*,
11 855 F.3d at 1042 (quoting 18 U.S.C. § 3582(c)(2)). "[A] reduction in the defendant's term of
12 imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with [the
13 applicable] policy statement if . . . the amendment does not have the effect of lowering the
14 defendant's applicable guideline range because of the operation of another guideline or statutory
15 provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10,
16 comment n.1. Put another way, "[t]he mandatory minimum applies in section 3582(c)(2)
17 proceedings." *United States v. Waipa*, 667 Fed. App'x 217 (9th Cir. 2016). Thus when
18 considering a motion under § 3582(c)(2), a district court has no authority to reduce a defendant's
19 sentence below the statutory mandatory minimum. *Id.* ("Waipa's 120-month sentence reflects the
20 mandatory minimum for his offense. . . . Thus, the district court correctly concluded that it had no
21 authority to reduce Waipa's sentence below 120 months."); *see also United States v. Zuniga-*
22 *Sanchez*, No. 16-30028, 2017 WL 745723, at *1 (9th Cir. Feb 27, 2017) (holding that district court
23 could not reduce defendant's sentence below the 120-month statutory mandatory minimum).

24 Quinones' sentence was not "based on" a guideline range that has since been lowered. The
25 PSR calculated the applicable guideline imprisonment range as 46 months – 57 months. However,
26 Judge Jensen did not sentence Quinones within that range, but instead sentenced Quinones to the
27 statutory mandatory minimum of 60 months. *See* Judgment, ECF 28; PSR ¶¶ 83-84, ECF 23; 21
28 U.S.C. § 841(b)(1)(B)(viii) (where offense involves "5 grams or more of methamphetamine," the

offender "shall be sentenced to a term of imprisonment which may not be less than 5 years"). Moreover, under the cases discussed above, this Court lacks authority to reduce Quinones' sentence below the statutory mandatory minimum. Consequently, Quinones is not eligible for relief under § 3582(c)(2).

## III. ORDER

(1) The Court construes Quinones' motion under 28 U.S.C. § 2255 as a motion for reduction of sentence under 18 U.S.C. § 3582; and

(2) Quinones' motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), is DENIED.

Dated: July 10, 2017

_____
BETH LABSON FREEMAN
United States District Judge